IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| LA'NITA D. SYKES ) | |
| ) | |
| v. ) | NO. 3:05-0658 |
| ) | JUDGE CAMPBELL |
| FIRST SOUTH UTILITY ) | |
| CONSTRUCTION, INC., ET AL. ) | |

MEMORANDUM

Pending before the Court is Defendant Star Construction, LLC's Motion for Summary Judgment (Docket No. 33). Also pending before the Court is Plaintiff's Motion for Review of the Magistrate Judge's Order Denying Plaintiff's Motion to Amend Her Complaint (Docket No. 43).

For the reasons stated herein, Defendant Star Construction, LLC's Motion for Summary Judgment (Docket No. 33) is GRANTED in part and DENIED in part. Plaintiff's Motion for Review of the Magistrate Judge's Order (Docket No. 43) is GRANTED, and Plaintiff is given leave to amend her Complaint to add additional factual allegations relating to her retaliation claim against Defendant Star Construction, LLC discovered prior to the discovery deadline, and as more particularly set forth herein. This case is referred to the Magistrate Judge to determine whether an amended scheduling order, including new trial date, is necessary in light of the Court's decision.

FACTS

Plaintiff, La'Nita Sykes, a female resident of Davidson County Tennessee, filed suit against Defendants, First South Utility Construction, Inc. ("First South") and Star Construction, LLC ("Star Construction") alleging employment discrimination based upon gender and

retaliation in violation of Title VII of the Civil Rights Act of 1965, 42 U.S.C. §2002e, et seq., 42 U.S.C. §2002e-2, et seq. and 42 U.S.C. §2002e-3, et seq. ("Title VII"), the Civil Rights Act of 1991, 42 U.S.C.§1981a ("Section 1981"), and the Equal Pay Act, 29 U.S.C. §206(d) ("Equal Pay Act"). Plaintiff's allegations are a result of having allegedly been paid less than male employees performing substantially the same job, and as a result of having been terminated from employment in January, 2004 in retaliation for filing a charge of discrimination with the EEOC. Plaintiff and First South have subsequently entered into an Agreed Order of Dismissal (Docket No. 52), and this case has been dismissed with prejudice as to First South.

The facts before the Court show that Plaintiff began working for First South around April, 1995 (Docket No. 46 at 1). Plaintiff resigned from her employment with First South in 1996, but reapplied for employment with First South, and was reinstated, in May, 1999 (Docket No. 46 at 1). Plaintiff began her employment with First South as a laborer (Docket No. 46 at 2). Plaintiff was eventually promoted to the position of supervisor of First South's Gallatin District office (Docket No. 46 at 2). After her promotion to supervisor, Plaintiff's pay remained that of a clerk (Docket No. 54 at 3). Plaintiff complained repeatedly about the disparity of her pay with that of other supervisors of First South (Docket No. 54 at 3). In August, 2003, Plaintiff filed an EEOC charge against First South alleging that First South discriminated against her in her pay because of her gender (Docket No. 54 at 5).

In late 2002, First South made the decision to close its Dickson District office and James Burgess ("Burgess"), the supervisor of the Dickson District office was laid off (Docket No. 54 at 4). In early 2003, business at First South's Clarksville District office became slow and First South made the decision also to close that office (Docket No. 54 at 4). Benny McKimm

("McKimm"), supervisor of the Clarksville District office went back out into the field to work on a crew (Docket No. 54 at 4). Plaintiff assumed some of the supervisory duties for the remaining Dickson and Clarksville operations (Docket No. 54 at 4). In the Fall of 2003, Burgess was called back from his lay off to work part-time for First South and assist Plaintiff with her supervisory responsibilities of the Clarksville and Dickson District offices (Docket No. 54 at 5).

In November, 2003, the assets of First South were purchased by Star Construction, and Plaintiff became an employee of Star Construction (Docket No. 46 at 2). Shortly after the acquisition of First South, Star Construction made the decision to reopen its Dickson and Clarksville District offices and have one supervisor supervise these Districts (Docket No. 46 at 2-3). Star Construction also made the decision to have one supervisor supervise its Gallatin and Murfreesboro District offices (Docket No. 46 at 3). At the time the decision was made to combine the two District offices, Plaintiff was supervisor of the Gallatin District Office and Kenneth Potts ("Potts") was supervisor of the Murfreesboro District Office. On January 2, 2004, McKimm was recalled and given the job of supervising the combined Dickson and Clarksville District offices (Docket No. 46 at 5). On January 5, 2004, Potts was given the job of supervising the combined Gallatin and Murfreesboro District offices (Docket No. 46 at 5). Plaintiff's employment with Star Construction was terminated on January 5, 2005 (Docket No. 46 at 4). Bruce Clemment ("Clemment"), Star Construction's vice president, and Glenn Hopkins ("Hopkins"), Star Construction's area manager for Middle Tennessee, made the decision to terminate Plaintiff (Docket No. 54 at 6).

It is undisputed that no employee has ever been hired to replace Plaintiff as supervisor of Star Construction's Gallatin District office (Docket No. 46 at 5). It is also undisputed that

3

McKim has supervised Star Construction's Clarksville and Dickson District offices since January 2, 2004, and Potts has managed Star Constructions' Gallatin and Murfreesboro District offices since January 5, 2004 (Docket No. 46 at 4-5). Furthermore, it is undisputed that both McKimm and Potts have more years of supervisory experience than Plaintiff (Docket No. 46 at 3-4). It is disputed, however, whether McKimm and Potts have broader experience than Plaintiff (Docket No. 46 at 3-4).

Plaintiff filed an EEOC charge against Star Construction on January 6, 2004, the day after she was terminated, alleging that she was terminated in retaliation for filing her previous charge of discrimination (Docket No. 38-6 at 3 and Docket No. 46 at 7)**.** In the course of the EEOC investigation, Star Construction represented to the EEOC that Plaintiff was terminated because of the elimination of her supervisory position and not because of her prior discrimination charge against First South (Docket No. 47-5 at 7-8). Star Construction also represented to the EEOC that it did not have any clerical or general laborer positions in Middle Tennessee, but if a position became available, Plaintiff would be the first offered the position (Docket No. 47-11 at 8).

On August 25, 2006, Plaintiff filed her Complaint in this matter. Initial case management orders were entered on October 12, 2005 (Docket Entry Nos. 14-15) which provided for a January 31, 2006 deadline for filing motions to amend the pleadings, a May 31, 2006 deadline for completion of fact discovery, and a June 30, 2006 deadline for filing dispositive motions. The trial of this matter was, and remains, scheduled to begin on December 19, 2006. By subsequent Order (Docket No. 26), the deadline for filing motions to amend the pleadings was extended to March 10, 2006. By Order entered May 15, 2006 (Docket No. 28), the deadline for

4

completion of fact discovery was extended to June 20, 2006, the deadline for filing discovery motions was extended to July 14, 2006, and the deadline for filing any dispositive motion was extended to July 31, 2006.

On June 12, 2006, Plaintiff filed a motion to amend the Complaint to add additional factual allegations and a new claim for retaliation under the Tennessee Human Rights Act, Tenn. Code Ann. §4-21-101, et seq. ("THRA") relating to facts discovered by Plaintiff during depositions taken after the March 10, 2006 deadline for motions to amend the pleadings, but prior to the June 20, 2006 deadline for completion of fact discovery (Docket No. 41). Plaintiff's motion was denied by Order (Docket No. 41) entered by the Magistrate Judge on the basis that the motion was filed after significant discovery had been completed and that only two days were left in the discovery period at the time briefing on Plaintiff's motion was complete. The Magistrate Judge also found that the filing of an amended complaint would require the reopening of discovery and the extension of the deadlines for filing dispositive motions (Docket No. 41). Furthermore, the Magistrate Judge found that it was always the intent of the parties that the deadline for filing motions to amend the pleadings would precede the deadline for completion of fact discovery. Finally, the Magistrate Judge felt compelled to deny Plaintiff's motion because of Plaintiff's delay in filing the motion and prejudice to Defendants if the motion were granted. In response to the Order (Docket No. 41) of the Magistrate Judge, Plaintiff has filed a Motion for Review of the Magistrate Judge's Order (Docket No. 43) requesting that the Court review the Magistrate Judge's denial of her motion to amend the Complaint.

In addition, Star Construction has filed a motion for summary judgment (Docket No. 33)

5

arguing that Plaintiff's Section 1981 claim is barred by the one year statute of limitations period applicable to personal injury actions in Tennessee. Star Construction also argues that Plaintiff's claim of gender discrimination has no merit. In addition, Star Construction asserts that Plaintiff's claim of retaliation should be dismissed because there is no direct evidence of retaliation and that Plaintiff cannot establish the elements necessary to set forth a prima facie case for retaliation under Title VII. Alternatively, Star Construction argues that Plaintiff cannot prove that its legitimate, non-retaliatory reasons for Plaintiff's termination was a pretext for unlawful retaliation. Star Construction further asserts that it is entitled to the same actor inference on Plaintiff's claims of discrimination and retaliation in that Clemment was the same person who promoted her into the position of supervisor, then subjected her to discrimination and retaliation. Finally, Star Construction asserts that Plaintiff bears a higher burden of persuasion with respect to her claim of retaliation because Plaintiff was removed from her supervisory position because of a reduction in force.

## SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. Id.; Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

6

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. Meyers, 341 F.3d at 466. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. Id. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. Hopson, 306 F.3d at 432.

ANALYSIS

1. Motion for Review.

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, the Court may reverse or modify the ruling of the Magistrate Judge if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a). In determining whether "justice so requires" the Court to grant a motion for leave to amend, the Court enjoys broad discretion. Tidik v. Ritsema, 938 F. Supp. 416, 425-26 (E.D. Mich. 1996). The United States Supreme Court has held that leave to amend should be granted unless there is: 1) undue delay; 2) bad faith or dilatory motive on the part of the movant; 3) repeated failure to cure deficiencies by amendments previously allowed; 4) undue prejudice to the opposing party if the amendment were granted; 5) futility of the amendment; or 6) other "declared or apparent reasons." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Similarly, the Sixth Circuit has held that "in deciding whether to allow an amendment, the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment." Perkins v. American Electric Power Fuel Supply, Inc., 246 F. 3d 593, 605 (6th

7

Cir. 2001) (citing Gen. Elec. Co. v. Sargent & Lundy, 916 F. 2d 1119, 1130 (6th Cir. 1990)).  The Court is not required to grant leave to amend a complaint when permitting such amendment would amount to an exercise in futility and not withstand a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Miller v. Calhoun County, 408 F. 3d 803, 817 (6th Cir. 2005).  Furthermore, when a party seeks to amend in the late stages of a case, the moving party bears "an increased burden to show justification for failing to move earlier."  Wade v, Knoxville Utilities Bd., 259 F. 3d 452, 458-59 (6th Cir. 2001).

In the present case, the Court finds that the interests of justice requires the Court to allow Plaintiff to amend her Complaint to add additional factual allegations of retaliation discovered the first week of June, 2006 during discovery depositions and a claim of retaliation pursuant to the THRA.  In reaching this conclusion, the Court finds that there is no evidence of undue delay on the part of Plaintiff.  Rather, the record before the Court indicates that Plaintiff filed her Motion to Amend (Docket No. 29) within days of discovery of the additional factual allegations related to Plaintiff's retaliation charge and before the expiration of the June 20, 2006 discovery deadline. The Court also finds, as did the Magistrate Judge, that there is no showing of bad faith or dilatory motive on behalf of Plaintiff.  In addition, the Court finds that there is no evidence of repeated failures by Plaintiff to cure deficiencies by amendments previously allowed.  Furthermore, there is no element of surprise to Star Construction based upon the availability of the discovered information to Star Construction in its own records.  It also should not be a surprise to Star Construction that Plaintiff would seek to amend her Complaint upon discovery of the opening of the Nashville office in light of its earlier representations to the EEOC that Plaintiff would be first in line for any new position in Middle Tennessee.  Finally, there is

8

evidence of earlier discovery attempts by Plaintiff to discover information related to Star Construction's hiring in Middle Tennessee which would have put Star Construction on notice of the relevance of the requested information to Plaintiff's claims (Docket Nos. 43-2 at 7 and 47-11 at 8).  Any prejudice to Star Construction by allowing the amendment can be cured by amendment of the scheduling order and/or trial date.

With respect to the issue of futility, the Court finds that there is no showing of futility. As indicated earlier, futility is measured by whether an amendment would withstand a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Under Rule 12(b)(6), a complaint, construed in the light most favorable to a plaintiff, may be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Tennessee Protection and Advocacy v. Bd. of Educ. of Putnam County, Tennessee, 24 F. Supp. 2d 808, 813 (M.D. Tenn. 1998).  In the present case, Star Construction asserts that futility is shown by Plaintiff's failure to exhaust her administrative remedies.  More specifically, Star Construction asserts that Plaintiff has not filed a claim with the EEOC setting forth a retaliation claim for failure to hire and that Plaintiff's EEOC charge does not allege any discrimination or retaliation after January, 2004.  In addition, Star Construction argues that Plaintiff has alleged a state law retaliation cause of action for failure to hire, but has at no time sought re-employment with Star Construction since her termination.

The Court finds that retaliation claims based upon conduct that occurred after the EEOC charge was filed are generally excepted from the administrative filing requirement.  Abeita v. Transamerica Mailings, Inc., 159 F. 3d 246, 254 (6th Cir. 1998).  Thus, futility is not found by Plaintiff's failure to amend her EEOC charge to include allegations of retaliation occurring after

9

January, 2004. In addition, the Court is not persuaded that futility is shown with respect to Plaintiff's asserted retaliation claim by Plaintiff's failure to seek re-employment with Star Construction when Star Construction itself has admitted that Plaintiff was not terminated but laid off as a result of lack of work and in line for the first available clerical or laborer position in Middle Tennessee (Docket No. 43-2 at 7 and Docket No. 47-11 at 8).

Finally, the Court finds that Plaintiff has shown justification for her earlier failure to move to amend her Complaint. As indicated earlier, the record before the Court shows that Plaintiff attempted to ascertain the facts upon which her request to amend the Complaint is based at an earlier stage of the case, but that the relevant information was not disclosed until the June, 2006 depositions (Docket Nos. 43-2 at 7 and 47-11 at 8).

Accordingly, Plaintiff's Motion for Review of the Magistrate Judge's Order (Docket No. 43) is GRANTED. Plaintiff is given leave to amend her Complaint to add additional factual allegations of retaliation and to add a claim of retaliation pursuant to the THRA. Such additional allegations and claim of retaliation shall be related to facts discovered by Plaintiff during discovery in June, 2006 that Star Construction had opened a new office in Nashville in the summer of 2005 but did not offer any of the new employment positions to Plaintiff in direct contradiction to prior representations made to the EEOC. Plaintiff shall file her amended Complaint by October 11, 2006.

2. Section 1981 Statute of Limitations.

The Court finds that Plaintiff's Section 1981 claim is governed by the four year federal statute of limitations for actions on statutory remedies created after December 1, 1990. See, Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 124 S. Ct. 1836, 158 L. Ed. 2d 645 (2004).

10

Congress has enacted a four year statute of limitations for causes of action arising under an Act of Congress enacted after December 1, 1990. R.R. Donnelley, 541 U.S. at 369; 28 U.S.C. §1658(a). Plaintiff's discrimination and retaliation claims are made possible by the Civil Rights Act of 1991 which was enacted to prevent discriminatory treatment after the formation of a contractual relationship, including after the formation of the employment relationship. R.R. Donnelley, 541 U.S. at 370. "The Act redefined §1981's key 'make and enforce contract' language to include the 'termination of contracts and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship'" Id. (quoting Section 1981(b)). See also, Anthony v. BTR Automotive Sealing Systems, Inc., 339 F. 3d 506, 514 (6th Cir. 2003); Miller v. Federal Express Corp., 56 F. Supp. 2d 955, 965 (W.D. Tenn. 1999) ("With the passage of the Civil Rights Act of 1991, Congress created new substantive rights to prevent the discriminatory treatment of a future litigant after the formation of a contract including actions having a direct bearing on a person's terms and conditions of employment.") The Court is not persuaded by Star Construction's argument that Plaintiff's claims under the Civil Rights Act of 1981 are foreclosed because Plaintiff referred to those claims as being brought under 42 U.S.C. §1981a and not §1981b. Thus, the Court finds that the four year limitations period of 28 U.S.C. 1658(a) for causes of action arising under an Act of Congress enacted after December 1, 1990 applies to Plaintiff's claim under Section 1981.

     Accordingly, Star Construction's Motion for Summary Judgment (Docket No. 33) on Plaintiff's claim under Section 1981 based upon the statute of limitations is DENIED.

3. Gender Discrimination.

Plaintiff does not contest the entry of summary judgment on her Title VII claims of gender discrimination in regard to her rate of pay and her claims pursuant to the Equal Pay Act. Accordingly, Star Construction's Motion for Summary Judgment (Docket No. 33) on Plaintiff's claims of gender discrimination under Title VII and the Equal Pay Act is GRANTED and these claims are dismissed.

4. Retaliation for Termination.

In order to establish a claim for retaliation under Title VII, Plaintiff must show: 1) that she engaged in a protected activity; 2) that Star Construction had knowledge of her exercise of protected activity; 3) that an adverse employment decision occurred; and 4) that there was a causal connection between the protected act and the adverse decision. Reed v. Cracker Barrel Old Country Store, Inc., 133 F. Supp. 2d 1055, 1070 (M.D. Tenn. 2000).[1] If Plaintiff is able to establish a prima facie claim, then the burden shifts to Star Construction to articulate a legitimate, nondiscriminatory reason for the adverse action. Id. at 1069-1070. If Star Construction is able to carry this burden, then Plaintiff must show that the articulated reasons are mere pretext for retaliation. Id. In the present case, there is no real dispute over whether Plaintiff can establish the first three elements of her prima facie case of retaliation. Rather, the focus is on whether Plaintiff can establish a causal connection between the filing of her charge of

---

[1]. Plaintiff's Section 1981 claim also is analyzed in the same manner as her claim under Title VII. Patterson v. McLean Credit Union, 491 U.S. 164, 185-88, 109 S. Ct. 2363, 2377-78, 105 L. Ed. 2d 132 (1989) overruling on other grounds recognized in, Hamilton v. City of Martin, 129 F. 3d 1264 (6th Cir. 1997); Harper v. BP Exploration & Oil Co., 896 F. Supp. 743, 747 (M.D. Tenn. 1995), aff'd, 134 F. 3d 371 (6th Cir. 1998); Campbell v. Florida Steel Corp., 919 S.W. 2d 26, 31 (Tenn. 1996).

12

discrimination with the EEOC against First South in August, 2003 and her termination by Star Construction in January, 2004.

The Court finds that Plaintiff has come forth with insufficient evidence to establish a causal connection between the protected activity and her termination other than the proximity in time between Plaintiff's filing of her first EEOC charge and her layoff by Star Construction. The Sixth Circuit has held that temporal proximity alone is insufficient to establish a causal connection for a retaliation claim. See, Little v. BP Exploration & Oil Co., 265 F. 3d 357, 363 (6th Cir. 2001); Nguyen v. City of Cleveland, 229 F. 3d 559, 563 (citing EEOC v. Avery Dennison Corp., 104 F. 3d 858, 861 (6th Cir. 1997)). Assuming, however, that Plaintiff is able to establish her prima facie case of retaliation, Star Construction has come forward with evidence of a legitimate nondiscriminatory reason for its decision to layoff Plaintiff in January, 2004. More specifically, it is undisputed that at the time of Plaintiff's layoff, Star Construction had made the decision to have one supervisor supervise its Gallatin and Murfreesboro District offices and to reopen its Clarksville and Dickson District offices under one supervisor (Docket No. 46 at 3). It is also undisputed that Potts, the manager of Star Construction's Murfreesboro District was given the job of supervising the combined Murfreesboro and Gallatin District offices and that McKimm was given the job of supervising the combined Clarksville and Dickson District offices (Docket No. 46 at 4-5). In addition, it is undisputed that both McKimm and Potts had more telephone construction/industry experience and more supervisory experience than Plaintiff (Docket No. 46 at 3-4). Furthermore, it is undisputed that no employee has ever been hired to replace Plaintiff as supervisor of Star Construction's Gallatin District (Docket No. 46 at 5). Finally, the Court finds that Plaintiff has failed to come forth with any evidence to show that Star

13

Construction's decision to combine its Gallatin and Murfreesboro District offices and retain Potts over Plaintiff and to reopen its Dickson and Clarksville District offices under McKimm was pretext for discrimination.

Accordingly, Star Construction's Motion for Summary Judgment (Docket No. 33) on Plaintiff's retaliation claim under Title VII and Section 1981 related to her termination is GRANTED.

Given the decision of the Court, it is unnecessary to address Star Construction's assertions that it is entitled to the same actor inference with respect to Plaintiff's claims or whether Plaintiff's burden of persuasion with respect to her retaliation claim for termination is higher than usual.

This case shall proceed as to Plaintiff's retaliation claim under Title VII, Section 1981 and the THRA related to her January, 2004 Charge of Discrimination filed with the EEOC against Star Construction based upon allegations regarding Star Construction's post layoff conduct to be filed by Plaintiff in her amended Complaint.

The case currently remains set for a pretrial conference on December 11, 2006 at 1:00 p.m. and a trial on December 19, 2006 at 9:00 a.m.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

14